# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| JACKSON BRYANT BAUGUS,<br><br>Plaintiff,<br><br>vs.<br><br>SAM E. HADDON, District Court Judge in his Individual and Judicial Capacities; THOMAS E. BOLAND, ESQ., class counselor in his individual and official capacities; and VICTORIA L. FRANCIS, Assistant U.S. Attorney, in her individual and official capacities,<br><br>Defendants. | Cause No. CV 12-00109-BLG-RFC-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

This matter was originally filed in the United States District Court for the District of Columbia. The case was transferred to this Court by Order dated July 31, 2012. *Court Doc. 3.* Pending is Baugus's Motion to Proceed in Forma Pauperis and proposed Complaint. *Court Doc. 1, 2.* Baugus brings his case pursuant to *Bivens v. Six Unknown Federal Agents,* 403 U.S. 388 (1971). Baugus seeks to challenge a

1

August 23, 2006 writ of garnishment issued in his criminal case. *Criminal Action No. 02-CR-00133-SEH, Court Doc. 158.*

The Motion to Proceed in Forma Pauperis will be granted and the Complaint recommended for dismissal.

## I. JURISDICTION AND VENUE

The Court has personal jurisdiction over the named parties. This action presents a federal question over which jurisdiction lies pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), and 42 U.S.C. § 1983. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391 and Local Rule 3.2(b)(3).

## II. MOTION TO PROCEED IN FORMA PAUPERIS

Baugus submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Baugus is required to pay the statutory filing fee of $350.00. Baugus submitted an account statement showing six-month deposits of $118.91, a six-month average of $19.82. Therefore, an initial partial filing fee of $3.96 will be assessed by this

Order. *See* 28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits). By separate order, the Court will direct the agency having custody of Baugus to collect the initial partial filing fee from Baugus's account and forward it to the Clerk of Court.

Thereafter, Baugus must make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. *See* 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Baugus to forward payments from his account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## III. STATEMENT OF CASE

### A. Parties

Baugus is a federal prisoner proceeding without counsel. He names the following Defendants: Sam E. Haddon, District Court Judge in his individual and judicial capacities; Thomas E. Boland, Esq., Class Counselor in his individual and official capacities; and Victoria L.

Francis, Assistant U.S. Attorney, in her individual and official capacities.

**B. Allegations**

Baugus alleges Defendants conspired when Judge Haddon issued a Writ of Garnishment to collect Baugus's fines associated with his criminal conviction. By way of background, Baugus was convicted in 2003 on federal charges and his sentenced included a fine of $75,000 and a $400 special assessment. *Criminal Action No. 02-CR-00133-SEH, Court Doc. 103.* The United States applied to garnish a civil settlement Baugus received in order to pay the fine and special assessment. *Criminal Action No. 02-CR-00133-SEH, Court Doc. 157.* A Writ of Garnishment was issued on August 23, 2006. *Criminal Action No. 02-CR-00133-SEH, Court Doc. 158.* Baugus has twice appealed the garnishment issue and the Ninth Circuit affirmed the district court's decision. *United States v. Baugus*, 310 Fed.Appx. 120 (9th Cir. 2009); *United States v. Baugus*, 463 Fed.Appx. 638 (9th Cir. 2011).

**IV. 28 U.S.C. §§ 1915(e)(2), 1915A REVIEW**

Baugus is a federal prisoner proceeding in forma pauperis so his

Complaint is reviewed under 28 U.S.C. § 1915, 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

5

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

## V. ANALYSIS

### A. Issue Preclusion

Baugus's claims are barred by the doctrine of issue preclusion. Issue preclusion "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) *(quoting*

6

*New Hampshire v. Maine*, 532 U.S. 742, 748-749 (2001)).

Issue preclusion applies when: "(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding." *Af–Cap Inc., v. Chevron Overseas (Congo) Ltd.*, 475 F.3d 1080, 1086 (9th Cit. 2007).

Here, the propriety of the writ of garnishment issued in Baugus's criminal case is the identical issue here. Judge Haddon has issued a final judgment on the garnishment issue and that decision has been upheld twice by the Ninth Circuit Court of Appeals. In 2011, the Ninth Circuit held:

> Baugus contends that the district court improperly applied $7,724 in seized funds to an unsatisfied fine of $75,000 imposed in connection with his 2004 criminal judgment. Contrary to Baugus's contention, the district court did not err. *See* 18 U.S.C. § 3613(c). Consideration of Baugus's remaining claims is precluded pursuant to the doctrine of res judicata.

463 Fed.Appx. 638 at *1.

Lastly, Baugus was a party to the criminal action. Issue preclusion applies and Baugus cannot relitigate the garnishment issue.

B. **Statute of Limitations**

Baugus's claims are also barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261 (1985), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. While the United States Supreme Court has not specifically held that a state's applicable tort statute of limitations applies in *Bivens* claims, the Ninth Circuit has done so. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). In Montana, the statute of limitations governing personal injury actions is three years after the action accrues. *Mont. Code. Ann.* § 27-2-204(1).

Baugus is complaining about an incidents which occurred in 2006, nearly six years prior to the filing of this action. Accordingly, this matter is barred by the applicable statute of limitations.

C. **Defendants**

Lastly, Baugus has failed to name a defendant who is not entitled

8

to immunity or is not a proper defendant to a *Bivens* claim.

## 1. Judge Haddon–Judicial Immunity

Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless the judge acts outside the judge's judicial capacity or in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). For purposes of judicial immunity, "[a] clear absence of all jurisdiction means a clear lack of subject matter jurisdiction." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1389 (9th Cir. 1987) cert. denied, 486 U.S. 1040 (1988). The Supreme Court has held that as long as a judge has jurisdiction to perform the "general act" in question, he or she is immune "however erroneous the act may have been, . . . however injurious in its consequences it may have proved to the plaintiff" and irrespective of the judge's motivation. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Judge Haddon's actions in issuing the writ of garnishment and the issuance of all orders regarding that garnishment arise from his official duties in connection with Baugus's criminal proceedings. Judge

9

Haddon is entitled to judicial immunity.

### 2. Ms. Francis--Prosecutorial Immunity

Similarly, a prosecutor is entitled to absolute immunity from liability for violating a person's federal constitutional rights when they engage in activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). In order to determine whether a prosecutor is entitled to absolute immunity, the Supreme Court has adopted a "functional approach," which looks to "the nature of the function performed, not the identity of the actor who performed it." *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993).

All allegations against Defendant Francis arise from her activities intimately associated with the judicial phase of the criminal proceedings. Defendant Francis is entitled to prosecutorial immunity. *Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997).

### 3. Mr. Boland–Not a State or Federal Actor

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum*, 940 F.2d at 409.

Mr. Boland is a civil attorney not associated with the state or federal government. He is not a person acting under color of state or federal law. *See Polk County v. Dodson,* 454 U.S. 312 (1981) (public defenders do not act "under color of state law" when performing traditional lawyer duties).

Even if Baugus could prove Mr. Boland somehow violated his rights under the United States Constitution, he cannot state a federal claim for damages against Mr. Boland because there would be no state or federal action. All claims against Mr. Boland will be recommended for dismissal.

## VI. CONCLUSION

### A. Leave to Amend

Baugus's claims are barred by issue preclusion and the applicable

statute of limitations; Defendants Haddon and Francis are entitled to immunity; and Defendant Boland is not a state or federal actor. These are not defects which could be cured by amendment. The Complaint should be dismissed.

## B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th

12

Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

### C. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g).

Baugus's claims are frivolous and malicious. He is complaining of incidents which occurred far outside the applicable statute of limitations and he is attempting to challenge an issue that he has challenged many times before. The dismissal of this case should constitute a strike under 28 U.S.C. § 1915(g).

13

D.  Address Changes

At all times during the pendency of this action, Baugus SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except that if Baugus has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

**ORDER**

Baugus's Motion to Proceed in forma pauperis (*Court Doc. 2*) is granted.

Further, the Court issues the following:

**RECOMMENDATIONS**

1. Baugus's Complaint should be dismissed with prejudice.

2. The Clerk of Court should be directed to close this matter and

enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Baugus's claims are both frivolous and malicious.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Baugus may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If Baugus files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he

relies on to contradict that finding. In addition, he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude Baugus from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th ay of September, 2012.

                    /s/ *Carolyn S. Ostby*
                  United States Magistrate Judge